**Harrison F. Pinnell, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.**

1. EVIDENCE—*when admission of, which invades province of jury, not ground for reversal.* In an action for damages for failure of a carrier to transport within a reasonable time, it is error to permit a witness to state what was a reasonable time for such transportation, but such error will not reverse in the absence of prejudice appearing.

2. COMMON CARRIERS—*what not error to exclude, in an action for failure to transport within a reasonable time.* Held, not error

in this case for the court to refuse to allow the defendant carrier to prove that the delay of the train upon which the merchandise was being carried was unavoidable by the exercise of reasonable care and diligence, it appearing that such train was the second section of the train upon which such merchandise was to be carried and that no evidence was introduced tending to show a good excuse why such merchandise was not placed upon the first section of such train.

3. COMMON CARRIERS—*when not error to exclude evidence tending to show shipper's assent to restrictive conditions.*   *Held,* that while it was error to sustain an objection to a question of the carrier put to the shipper asking him if he knew what the contract (known as a shipper's contract) was at the time he signed it, yet that such error was harmless in view of the fact that such shipper afterwards testified that he simply signed the contract, took it without reading it and did not know its terms.

4. COMMON CARRIERS—*effect of presentment of claim for damages.* A shipper who has made a claim for damages against a carrier for failure to transport within a reasonable time, is limited in his recovery to the amount claimed of such carrier in his first presentment of claim thereto.

Action in case.   Appeal from the Circuit Court of Edgar county; the Hon. JAMES W. CRAIG, Judge, presiding.   Heard in this court at the May term, 1908.   Affirmed on *remittitur.*   Opinion filed November 24, 1908.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD and R. L. McKINLEY, of counsel.

J. E. DYAS and H. S. TANNER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Edgar county against appellant to recover for damages sustained by appellee through alleged negligence of appellant in failing to transport within a reasonable time, fifty head of cattle from Kansas, Illinois, to Chicago. There was a verdict in favor of appellee in the sum of $240 upon which judgment was rendered and this appeal followed.

On the 23rd day of November, 1903, appellee en-

gaged three cars from appellant in which to ship from Kansas, Illinois, to Chicago, fifty head of fat cattle on the next day. On November 24, appellee was told by appellant's agent at Kansas that the three cars would arrive at Kansas on the local freight train, which was due at that station between 10 and 11 o'clock A. M. Appellee took his cattle to the yards of appellant ready to load about 12 o'clock M. on the 24th. The local freight train failed to bring the cars and the agent of appellant advised appellee that the cars would be brought to Kansas on train No. 99, which would be there in the afternoon, and which train would then stay at Kansas until appellee could load his cattle. The cattle would then have been transported by that train to Mattoon, Illinois, and from there to Chicago, over the Illinois Central, on a through stock train, where they would have arrived in time for sale on the market of November 25.

On November 24, train 99 was run in two sections, the first section brought three or four cattle cars to Kansas, which were there set out, about 4 or 5 o'clock P. M., but that train did not take the cattle, nor would those in charge of the train receive them, the conductor of that section saying that he had "no time to fool with them."

The second section of train 99 arrived in Kansas about 8 o'clock P. M. and took the cattle of appellee, but failed to arrive at Mattoon in time to connect with the through stock train on the Illinois Central to Chicago, so that the cattle did not leave Mattoon for Chicago until about 9 A. M. on November 25, and reached Chicago on the morning of Thursday, November 26. The 26th of November was Thanksgiving day and as there was no market for cattle in Chicago on that day they had to be kept over. By reason of the delay there was a shrinkage in said cattle and for the loss occasioned thereby this suit was brought.

Appellant first contends that it was error for the trial court to permit witnesses for appellee to state

what was a reasonable time within which to transport cattle from Kansas, Illinois, to Chicago. This was error, as that question was one for the jury to determine, but in our judgment it was not so prejudicial under the circumstances as to warrant a reversal. It is evident from an inspection of the record that the witnesses were speaking of the time usually employed in making such shipment. The witness Juntgen said, in this connection, that "it didn't make much difference whether we went from Kansas at 2, 3, 4, 5, or 6 o'clock, they got to Chicago about 4, 5 or 6 o'clock the next morning" and there was no controversy at all that if connection had been made at Mattoon with the through stock train on the Illinois Central the cattle would have reached Chicago on November 25, in time to have been sold that day.

Appellant next insists that it was error for the trial court not to allow appellant to prove that the delay in the second section of train No. 99 from Kansas to Mattoon was unavoidable by the exercise of reasonable care and diligence. Even if this was error as contended, it was not prejudicial to appellant's cause for the reason that no sufficient excuse was shown why appellee's cattle were not taken from Kansas on the first section of train 99. That section was in Kansas as early as 4 or 5 o'clock P. M., nearly four hours before the arrival there of the second section. It brought the empty cars there and remained at that station for a considerable time and no good reason appears from the evidence justifying the refusal of the conductor of the first section to take said cattle to Mattoon.

Appellant next assigns as error the action of the court in sustaining an objection to the question of appellant put to appellee asking him if he knew what the contract (known as a shipper's contract) was at the time he signed it. This ruling was erroneous as appellant had a right to ask appellee whether he knew of the contents of the contract and the limitations therein expressed, as tending to defeat or limit a re-

covery; but the error was harmless in view of the fact that appellee afterwards testified that he simply signed the contract, took it without reading it and did not know its terms. Whether or not appellee did know the terms and limitations of the contract was a question of fact for the jury and their finding in this respect is not so clearly against the weight of the evidence that we feel warranted in disturbing the verdict on that account.

Appellant argues at considerable length that the trial court was in error in refusing to give its instructions tendered upon the subject-matter of the shipper's contract involved and upon the subject-matter that the appellant would be excused from liability if an accident happened to said second section of train 99, and if appellant used reasonable diligence to transport the cattle.

These instructions were rightfully refused as those relating to the "shipper's contract" failed to require appellant, who had the burden of proof upon that subject, to show that appellee knew of the terms and limitations expressed in the contract, and assented thereto, and those relating to reasonable diligence upon the part of appellant in transporting the cattle from Kansas to Mattoon had reference to the second section of train No. 99 and not to the first section of that train, which under the evidence, was the train on which the cattle should have been shipped to Mattoon in time to connect with the stock train on the Illinois Central Railroad at that point.

Appellee's claim for damages as first presented to appellant was in the sum of $145.34 and this, in our judgment, is all he should be permitted to recover. If he will within ten days enter a *remittitur* in this court of so much of the judgment as is in excess of that amount the judgment will be affirmed for such sum of $145.34, otherwise the judgment will be reversed.

*Affirmed on remittitur.*

*Remittitur* filed and judgment affirmed.